**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

IN RE THE APPLICATION OF )
JACQULINE DELANCEY, )
            )
   Plaintiff/Petitioner, ) Civil Action No.
            )
   v. )
            )
STEVEN GAYLE, )
            )
   Defendant/Respondent. )
_____ )

## VERIFIED COMPLAINT AND PETITION FOR RETURN OF NAILA GAYLE PURSUANT 42 U.S.C. §§11601-11610

Plaintiff-Petitioner Jacquline Delancey, for her Complaint and Petition says:

### INTRODUCTION

1.    Jacquline Delancey (variously, either "Ms. Delancey" or "Petitioner"), brings

this action as a citizen and permanent resident of the Commonwealth of The Bahamas

("the Bahamas"), to obtain the benefits of law pursuant to a Treaty of the United States,

in order to secure the return of her five year-old daughter, Naila N. Gayle ("Naila"), who,

without Petitioner's consent or acquiescence, has been wrongfully retained in the United

States and, specifically, in the Eastern District of New York by Naila's father,

Defendant/Respondent Steven Gayle (variously, either "Mr. Gayle" or "Respondent").

2.    Ms. Delancey petitions this Court pursuant to the Convention on the Civil

Aspects of International Child Abduction (the "Hague Convention")[1] and the

International Child Abduction Remedies Act ("ICARA").[2]  The Hague Convention has

---

[1]  Oct. 25, 1980, T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986).

[2]  42 U.S.C. §§ 11601-11610 (2000).  ICARA was passed to address the international problem of child abduction and wrongful retention and to allow aggrieved parties to assert their rights in such exigent circumstances.  See

been in force in the United States of America since July 1, 1988. Both the United States and the Bahamas are parties to that treaty and have ratified the Hague Convention as signatories.

## JURISDICTION AND VENUE

3. Treaties of the United States are constituent of the supreme law of the United States. Accordingly, this Court has jurisdiction over this action pursuant to 42 U.S.C. § 11603(a) and 28 U.S.C. § 1331. Venue in this action is proper under 42 U.S.C. § 11603(a), because Naila is currently located in the Eastern District of New York, as well as under 28 U.S.C. § 1391(b), because, among other reasons, Respondent currently resides in the Eastern District of New York.

## STATEMENT OF FACTS

4. Ms. Delancey and Mr. Gayle are the parents of Naila. Ms. Delancey and Mr. Gayle have never been married to each other.

5. Ms. Delancey is a citizen of the Bahamas, residing at 46 Cassia Close, Gleniston Garden, Nassau, Bahamas, and she works as a security officer at the Atlantis Hotel in Nassau. For the whole of her life, Ms. Delancey has been Naila's principal guardian. A true and accurate copy of Ms. Delancey's employment at the Atlantis Hotel is attached hereto as Exhibit A.

6. Upon information and belief, Mr. Gayle is a citizen of Jamaica and resides at 1640 Nostrand Avenue, 3rd Floor, Brooklyn, New York 11226. Upon further information and belief, Mr. Gayle is neither a citizen of the United States nor has any

---

Distler v. Distler, 26 F. Supp. 2d 723, 727 (D.N.J. 1998).

US2008 3429693 3

documentation from the government of the United States allowing Mr. Gayle to remain legally in the United States.

7.     Upon information and belief, Mr. Gayle married Beshontia Penn, a United States citizen, in 2009. Upon further information and belief, Mr. Gayle married Ms. Penn solely to facilitate his intention to become a United States citizen.

8.     Upon information and belief, Mr. Gayle lives apart from Ms. Penn and has not become a citizen of the United States.

9.     On June 24, 2006, Ms. Delancey gave birth to Naila in Brooklyn, New York. Naila is accordingly a natural born citizen of the United States. A true copy of Naila's birth certificate is attached hereto as Exhibit B.

10.    Until March 2007, Ms. Delancey, Mr. Gayle, and Naila lived together in Brooklyn, at which time Ms. Delancey and Naila moved to the Bahamas with Mr. Gayle's knowledge and consent.

11.    Since March 2007, Naila has resided in the Bahamas with Ms. Delancey on a full-time basis.

12.    Between 2007 and 2010, whenever Mr. Gayle asked to see Naila, Ms. Delancey arranged for Naila to visit Mr. Gayle in Brooklyn. For example, in 2007, Naila's aunt, Mr. Gayle's sister, brought Naila from the Bahamas to Brooklyn in order to visit Mr. Gayle. Naila stayed with Mr. Gayle for one month at that time and then returned to the Bahamas. Then, in 2008, a friend of Ms. Delancey's adult daughter brought Naila from the Bahamas to Brooklyn in order to visit Mr. Gayle, at which time Naila stayed with Mr. Gayle for a number of months and then returned to the Bahamas with Mr. Gayle's knowledge, consent, and participation. Further, in 2010, a friend of Ms. Delancey

3

brought Naila from the Bahamas to Brooklyn in order to visit Mr. Gayle.  At that time,
Naila stayed with Mr. Gayle for six months and thereafter returned to the Bahamas.  On
each of these occasions, Ms. Delancey arranged and paid for all of Naila's travel
expenses to and from Brooklyn.

13.    In addition to arranging and paying for Naila's visits to Mr. Gayle in Brooklyn,
Ms. Delancey regularly pays for a mobile phone for Mr. Gayle's use so that he can speak
to Naila between visits.

14.    As of December 2011, Naila was a first grade student at the Mabel Walker
Primary School in Nassau, who regularly and faithfully attended classes there.  A true
and accurate copy of Naila's enrollment in the Mabel Walker Primary School in Nassau
is attached hereto as Exhibit C.

15.    In December 2011, Mr. Gayle asked Ms. Delancey to send Naila to Brooklyn
for the Christmas holiday.  Ms. Delancey agreed to that and therefore arranged for
Naila's ticket, which was paid for by Naila's aunt, Mr. Gayle's sister.  On or about
December 12, 2011, in order to facilitate Mr. Gayle's ability to visit with Naila, Ms.
Delancey arranged for Naila to travel from the Bahamas to Brooklyn to visit Mr. Gayle.

16.    As had occurred on several prior occasions, Ms. Delancey believed and was
assured that Mr. Gayle would return Naila to the Bahamas on January 3, 2012 in order for
Naila to attend school.  Unfortunately, Mr. Gayle retained custody over Naila contrary to
his prior assurances to Ms. Delancey.  Mr. Gayle has refused to return Naila to the
Bahamas and Ms. Delancey's care since that time.

17.    Upon information and belief, Naila currently resides with Mr. Gayle at 1640
Nostrand Avenue, 3rd Floor, Brooklyn, New York 11226.

4

18.    Upon information and belief, Mr. Gayle sends Naila to the Little Darlings Day Care in Brooklyn from 7:30 a.m. until 6:00 p.m., which is not a New York public or private school, thus Naila is not currently enrolled in any school in Brooklyn and Mr. Gayle's retention has deprived Naila of the opportunity of education in violation of New York State criminal and civil law governing the welfare of a child.

19.    Because of Mr. Gayle's wrongful retention of Naila, Ms. Delancey has not seen Naila since December 2011.

20.    Because Mr. Gayle had wrongfully retained custody of Naila contrary to his agreement and contrary to the best interests of Naila, on January 9, 2012, Ms. Delancey submitted a Request for Return of Naila to the United States Department of State through the Bahamian Ministry of Foreign Affairs. A copy of Petitioner's Request for Return is attached hereto as Exhibit D.

## COUNT ONE

21.    As previously alleged, on or about January 3, 2012, Respondent wrongfully retained Naila in the United States within the meaning of Article 3 of the Convention and he continues to retain Naila in the State of New York, United States, wrongfully and in violation of Article 3 of the Hague Convention and despite Petitioner's efforts to have Naila returned to the Bahamas.

22.    Petitioner never acquiesced or consented to Respondent's wrongful retention of Naila or to her living outside of the Bahamas.

23.    Respondent's retention of Naila is accordingly wrongful within the meaning of Article 3 of the Hague Convention because:

5

a.   At the time of Naila's removal from the Bahamas, Petitioner was actually and lawfully exercising her rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's retention of Naila, Petitioner would have continued to exercise those rights; and

b.   Naila was habitually resident with Petitioner in the Bahamas within the meaning of Article 3 of the Convention immediately before her wrongful retention by Respondent.

24.   Respondent continues to retain Naila wrongfully in the State of New York, Kings County and withholds from her the benefit of education in violation of New York State criminal and civil law governing the welfare of a child as set forth in N.Y. Penal Law § 260.10(2), New York Family Court Act § 1012(f)(i)(A), N.Y. Educ. Law § 3205(1) and § 3212(2)(b)-(d).

25.   Upon information and belief, Respondent is keeping Naila at his residence, 1640 Nostrand Avenue, 3rd Floor, Brooklyn, New York 11226.

26.   Naila is now only five years old. The provisions of the Hague Convention apply to children under sixteen years of age and thus apply to Naila.

27.   This Petition is filed less than one year from Respondent's wrongful retention of Naila.

28.   Petitioner requests that this Court issue an immediate order restraining Respondent from removing Naila from the jurisdiction of this Court, and a warrant seeking immediate physical custody of Naila, directing United States Marshals or other law enforcement officers to bring Naila before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

6

29.   To date, Petitioner has incurred costs as a result of the wrongful retention of Naila by Respondent.

30.   Petitioner respectfully requests that this Court award her all costs, including transportation costs, incurred to date, as required by 42 U.S.C. § 11607.

31.   Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

**WHEREFORE,** Petitioner prays for the following relief:

(a)   A temporary restraining order prohibiting the removal of Naila from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint and taking custody of the person of Naila Gayle to be cared for by Thadious Delancey, Petitioner's brother, pendente lite, and further providing that no person acting in concert or participating with Respondent shall take any action to remove Naila from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

(b)   The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why Naila should not be returned to the Bahamas, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

(c)   A final judgment in Petitioner's favor and against Respondent, Steven Gayle, declaring and directing that Naila shall be returned to the Bahamas, where an

7

appropriate custody determination can be made by a Bahamian court under Bahamian law;

(d)     An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 42 U.S.C. § 11607, such expenses and costs to be resolved via post-judgment motion, consistent with Federal Rule of Civil Procedure 54(d)(2)(B)(i); and

(e)     For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted this 21 day of May, 2012.

Frederick Whitmer (FW8888)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1114 Avenue of the Americas
New York, New York 10036-7703
Phone: (212) 775-8700
Fax: (212) 775-8800

*Attorneys for Plaintiff/Petitioner*

8

## **VERIFICATION**

I, Jacquline Delancey, Plaintiff Petitioner in this action have read each paragraph of the foregoing Complaint and Petition. I hereby declare, under the laws of perjury of the United States of America, that all the facts alleged therein are true and correct.

Executed in the Commonwealth of The Bahamas on this 3rd day of May, 2012.

Jacquline Delancey

9

# EXHIBIT A

October 24, 2011

Dear: Sir/Madam

Re: Jacquline A Delancey

This is to confirm that Jacquline A Delancey is employed as a Security Guard (Hotel) in the Security Department at Atlantis.

Jacquline has been with the company from August 10, 2009, and is currently earning $340.00 per week.

**For confirmation, please call (242) 363-2000 Extension 65819.**

Yours truly,

Nicola Roy
Director of Human Resources
NR:as

ATLANTIS
PARADISE ISLAND, BAHAMAS

One Casino Drive | Nassau NP, Bahamas N-4777 | Phone: 242.363.3000

# EXHIBIT B



VITAL RECORDS CERTIFICATE

# CERTIFICATE OF BIRTH REGISTRATION

## CERTIFICATE OF BIRTH

Birth No. 156-06-058372

225410S

| 1. FULL NAME OF CHILD | First Name | Middle Name | Last Name |
|---|---|---|---|
| | Naila | NiComa | Gayle |

| 2. SEX | 3a. NUMBER OF CHILDREN born in this pregnancy | 1 | 4a. DATE OF CHILD'S BIRTH | (Month) (Day) (Year) | 4b. Hour |
|---|---|---|---|---|---|
| Female | 3b. If more than one, number of this child in order of birth | | | June 24, 2006 | 01:50 PM |

| 5. PLACE OF BIRTH | 5a. NEW YORK CITY Borough of Brooklyn | 5b. Name of Facility (if not in institution street address) Kings County Hospital Center | 5c. TYPE OF PLACE Hospital |
|---|---|---|---|

| 6a. MOTHER'S FULL MAIDEN NAME | 6b. MOTHER'S DATE OF BIRTH (Month) (Day) (Year) | 6c. MOTHER'S BIRTHPLACE City & State or foreign country |
|---|---|---|
| Jacquline Alberdha Delancey | 07/15/1971 | Jamaica |

| 7. MOTHER'S USUAL RESIDENCE a. State b. County | 7c. City, town, or location | 7d. Street and house number | Zip | 7e. Inside city limits of 7c? |
|---|---|---|---|---|
| NY Kings | New York | 880 East 21st Street Apt. 4A | 11226 | Yes |

| 8a. FATHER'S FULL NAME | 8b. FATHER'S DATE OF BIRTH (Month) (Day) (Year) | 8c. FATHER'S BIRTHPLACE City & State or foreign country |
|---|---|---|
| Steven Edward Gayle | 01/05/1982 | Jamaica, W.I. |

This certificate is filed pursuant to Section 17-167 of the Administrative Code of the City of New York and Section 207.05 of the New York City Health Code.



Corrected Certificate Approved for Filing September 30 Year 2006

Deputy City Registrar

Original Report Filed June 30 2006

City Registrar

VITAL RECORDS          DEPARTMENT OF HEALTH AND MENTAL HYGIENE          THE CITY OF NEW YORK

Above is a Certificate of Birth Registration for your child, which is sent without charge. The Department of Health and Mental Hygiene does not certify to the truth of the statements made therein, as no inquiry as to the facts has been provided by law. If the certificate contains any errors it is important to have them corrected as soon as possible. You may call (212) 788-4521, for information. Or you may write to the Corrections Unit, Office of Vital Records, 125 Worth Street - CN4, New York, New York 10013. Forms and instructions are also available on the Department of Health and Mental Hygiene's Web site: www.nyc.gov/health

MAYOR          COMMISSIONER OF HEALTH AND MENTAL HYGIENE          CITY REGISTRAR

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.21 of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

Date Issued          October 6, 2006          DOCUMENT No.          F526655



The City of New York

# EXHIBIT C



# Ministry of Education
## Mabel Walker Primary School

Tel: 242-323-4837 * Fax: 242-356-5808
Tucker Road * P. O. Box N-3913 * Nassau, Bahamas

Principal
Ms. Williams Malvolm - Bridgewater

January 9, 2012

To Whom It May Concern:

Name:  Naila Gayle
D - O - B:  24 - 06 - 06
Parent's Jacquline Delancy

This is to certify that Naila Gayle attends Mabel Walker Primary School.

She was admitter 09 - 09 - 11 and is presently a student of grade 1.

Any assistance given would be greatly appreciated.

Sincerely,

K. Armbrister

for Deanne D. Huyler, (Mrs.)
Principal

**Mabel Walker**
Primary School
Tucker Road  P.O.Box N-3913
Nassau, The Bahamas
Tel: 242-323-4837 / Fax: 242-356-5808

School's Motto: "Striving for Excellence"

# EXHIBIT D



**MINISTRY OF FOREIGN AFFAIRS**
P. O. BOX N-3746
NASSAU, N.P.
THE BAHAMAS

No.    **MFA/C.73/17/4**
IN REPLYING PLEASE
QUOTE THIS NUMBER

9th January, 2012

Dear Ms. Cassano,

### RE: GAYLE, NAILA N.

The Ministry of Foreign Affairs wishes to submit, on behalf of Ms. Jacquline Delancey, an application under the 1980 Hague Convention on the Civil Aspects of International Child Abduction for the return of minor, Naila Gayle, born in the United States of America on 24th June, 2006, to her mother, Ms. Jacquline Delancey.

According to Ms. Delancey, on 12th December, 2011, Naila visited her father, Mr. Steven Gayle, in the United States, for the Christmas holiday. Naila was to return to The Bahamas, 3rd January, 2011; Mr. Gayle, however, did not allow her return. When Ms. Delancey requested the return of her daughter to The Bahamas, Mr. Gayle refused. Ms. Delancey has also indicated that she and Mr. Gayle were never married, that there is no formal custody arrangement in place between the two parents and that she retains full custody of her daughter.

Enclosed, in support of Ms. Delancey's application are:

- A copy of Ms. Jacquline Delancey's and the minor, Naila Gayle's, birth certificates;
- A copy of a letter from the minor's Institution of Learning;
- A copy of the minor's Social Security Card;
- A copy of the minor's National Insurance Card;
- A copy of first four (4) pages of Ms. Delancey's passport;
- A copy of Ms. Delancey's adoption certificate;
- A copy of Ms. Delancey's National Insurance Card;
- Photos of Mr. Steven Gayle and Naila Gayle;
- A completed application form seeking legal assistance; and
- A copy of The Bahamas' "Guardianship and Custody of infants Act", as proof of rights of custody.

The Government of The Bahamas requests your kind assistance in locating the minor, Naila Gayle and having her returned to The Bahamas. Should you require further information, please do not hesitate to contact the Ministry of Foreign Affairs.

Sincerely,

Donyelle S. Ward (Ms.)
**(for) Permanent Secretary**

**Ms. Stephanie P. Cassano**
**Incoming Country Officer**
**U.S. Central Authority on the Civil Aspects of International Child Abduction**
**Bureau of Consular Affairs**
**Office of Children's Issues**
**United States Department of State**
**SA-29**
**2201 C Street, NW**
**Washington, DC 20520**
**USA**



U. S. Department of State

OMB NO. 1405-0076
EXPIRES: 12/31 2012
Estimated Burden - 1 Hour*

## APPLICATION UNDER THE HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION

*FILL OUT ALL SECTIONS ON BOTH SIDES*
*Provide Information Below to the extent that it is available.*

This is an application for the ☑ **Return of** ☐ **Access to** the child/children listed below.

### I. FIRST CHILD SUBJECT OF APPLICATION

| Child's Name *(Last, First, MI.)* | Date of Birth *(mm-dd-yyyy)* | Place of Birth |
|---|---|---|
| Gayle          Naila        N | 6│24│06 | Brooklyn   N.y. |

| Address *(At Time of Removal)* | U.S. SSN* | Passport/Identity Card* |
|---|---|---|
| #46 Cassia Close Gleniston Garden Nassau Bahamas | | Country<br><br>Number |

| Address and Telephone Number of Child's Current Location *(If Known)* | Citizenship(s) |
|---|---|
| 1640 Nostrand Ave 3rd Floor Brooklyn N.y. 11226 Tel #718-856-0904 | |

| Height | Weight | Color of Hair | Color of Eyes |
|---|---|---|---|
| | 41 lbs | Black | Dark Brown |

| Name of Child's Father if not Listed in Section II or III. | Name of Child's Mother if not Listed in Section II or III. |
|---|---|
| | |

### II. APPLICANT (PERSON SEEKING RETURN OF/ACCESS TO CHILD/CHILDREN)

| Name *(Last, First, MI)* | Date of Birth *(mm-dd-yyyy)* | Place of Birth Clarendon |
|---|---|---|
| Delaney          Jacquline   A | 7│5│71 | Jamaica |

| Relationship to Child/ren | Citizenship(s) | U.S. SSN* | Passport/Identity Card* |
|---|---|---|---|
| Mother | Bahamian | | Country Bahamas<br>Number A 187287 |

| Current Address, Telephone Number, and Email Address | Occupation |
|---|---|
| #46 Cassia Close Gleniston Garden Nassau, Bahamas | Security officer |

| Name, Address, and Telephone Number of Legal Advisor* |
|---|
| |

### III. PERSON ALLEGED TO HAVE WRONGFULLY REMOVED OR RETAINED THE CHILD/CHILDREN

| Name *(Last, First, MI)* | Date of Birth *(mm-dd-yyyy)* | Place of Birth |
|---|---|---|
| Gayle          Steven | 1│4│1981 | Jamaica |

| Relationship to Child/ren | Citizenship(s) | U.S. SSN* | Passport/Identity Card* |
|---|---|---|---|
| father | Jamaica | | Country<br><br>Number |

| Occupation, Name, and Address of Employer *(If Known)* | Known Aliases |
|---|---|
| Mechanic | Marcel |

| Address and Telephone Number of Current Location |
|---|
| 1640 Nostrand Ave Apt 3rd floor Brooklyn N.y. 11226 Tel #240-752-2935 |

| Height | Weight | Color of Hair | Color of Eyes |
|---|---|---|---|
| 5ft 5 inch | 150 | Black | dark Brown |

DS-3013
12-2009

## IV. ADDITIONAL CHILD/CHILDREN Subject of Application

| Child's Name *(Last, First, MI)* | | Date of Birth *(mm-dd-yyyy)* | Place of Birth | |
|---|---|---|---|---|
| **Address** *(At Time of Removal)* | | U.S. SSN* | Passport/Identity Card* Country <br><br> Number | |
| Address and Telephone Number of Child's Current Location *(If Known)* | | | Citizenship(s) | |
| **Height** | **Weight** | Color of Hair | | Color of Eyes |
| Name of Child's Father if not Listed in Section II or III. | | Name of Child's Mother if not Listed in Section II or III. | | |

| Child's Name *(Last, First, MI)* | | Date of Birth *(mm-dd-yyyy)* | Place of Birth | |
|---|---|---|---|---|
| **Address** *(At Time of Removal)* | | U.S. SSN* | Passport/Identity Card* Country <br><br> Number | |
| Address and Telephone Number of Child's Current Location *(If Known)* | | | Citizenship(s) | |
| **Height** | **Weight** | Color of Hair | | Color of Eyes |
| Name of Child's Father if not Listed in Section II or III. | | Name of Child's Mother if not Listed in Section II or III. | | |

| Child's Name *(Last, First, MI)* | | Date of Birth *(mm-dd-yyyy)* | Place of Birth | |
|---|---|---|---|---|
| **Address** *(At Time of Removal)* | | U.S. SSN* | Passport/Identity Card* Country <br><br> Number | |
| Address and Telephone Number of Child's Current Location *(If Known)* | | | Citizenship(s) | |
| **Height** | **Weight** | Color of Hair | | Color of Eyes |
| Name of Child's Father if not Listed in Section II or III. | | Name of Child's Mother if not Listed in Section II or III. | | |

| Child's Name *(Last, First, MI)* | | Date of Birth *(mm-dd-yyyy)* | Place of Birth | |
|---|---|---|---|---|
| **Address** *(At Time of Removal)* | | U.S. SSN* | Passport/Identity Card* Country <br><br> Number | |
| Address and Telephone Number of Child's Current Location *(If Known)* | | | Citizenship(s) | |
| **Height** | **Weight** | Color of Hair | | Color of Eyes |
| Name of Child's Father if not Listed in Section II or III. | | Name of Child's Mother if not Listed in Section II or III. | | |

DS-3013

ADDITIONAL SHEETS MAY BE ATTACHED

## V.  TIME, PLACE, DATE AND CIRCUMSTANCES OF THE WRONGFUL REMOVAL OR RETENTION

Additional sheets may be attached.

On December 12th 2011 Naila Gayle went to visit her father Steven Gayle for the christmas holiday. She was to return on the 3rd of January 2012. Steven Gayle did not return her. I ask him to return the child and he refuse to do so.

## VI.  FACTUAL AND  LEGAL JUSTIFICATION FOR THE REQUEST

Habitual Residence (Please provide details related to the child's place of habitual residence.)

I Jacquline Delancey was never Married to Steven Gayle and theirs no court order granted him custody of the child I am living in the Bahamas and Naila is living with me here is her perment residence for the Pass 5 yrs.

Basis of Applicants' Custody Rights

Supporting Documentation  *(Please check applicable boxes and attach.)*

- [ ] Law/Statute of Child's Residence at Time of Alleged Removal or Retention
- [ ] Court Order in Effect at Time of Alleged Removal or Retention
- [ ] Legally Binding Agreement
- [ ] Marriage Certificate, If Applicable
- [x] Child's Birth Certificate, Required
- [ ] Other

Are civil proceedings currently in progress? *(If yes, please provide details.)*  None

ADDITIONAL SHEETS MAY BE ATTACHED

## VII.  PROPOSED ARRANGEMENTS FOR RETURN TRAVEL OF CHILD/CHILDREN

I Will Make arrange for Naila to return With a responsible adult to me.

## VIII.  OTHER PERSONS WITH ADDITIONAL INFORMATION RELATING TO THE WHEREABOUTS OF THE CHILD/CHILDREN

Preferably, in country of child's current location. Please include, name, address, telephone number, and /or email address.

Paulett Paulette Wright
1640 Nostrand Ave
Brooklyn N.Y. 11026
Tel # 718-856-0904

## IX.  OTHER RELEVANT INFORMATION

| Signature of Applicant *(Sign in Blue Ink)* | Date *(mm-dd-yyyy)* |
|---|---|
| J. Delancey | 1 4 2013 |

DS-3013

## PRIVACY ACT STATEMENT

**AUTHORITY:** The information solicited on this form is requested under the authority of the International Child Abduction Remedies Act, Public Law 100-300.

**PURPOSE:** The primary purpose for soliciting the information is to evaluate applicants' claims under the Hague Convention on the Civil Aspects of International Child Abduction, advise applicants about available legal remedies, and locate abducted children.

Furnishing your social security number, as well as the other information requested on this form, is voluntary. The social security number may be used, if necessary, to authenticate the identities of individuals that are listed in the applicant claim. Failure to submit this form or to provide all the requested information may result in delay in the processing of your application.

**ROUTINE USES:** The principal users of this information are offices within the U.S. Department of State's Bureau of Consular Affairs. The information will be used to assist in facilitating operations under the Convention and may be provided to governments of member countries, bar associations and legal aid services, local police, social service agencies, and parents. This information may also be released on a need-to-know basis to other government agencies, including foreign agencies, having statutory or other lawful authority to gain access to such information.

## PAPERWORK REDUCTION ACT STATEMENT

*Public reporting burden for this collection of information is estimated to average 60 minutes per response, including time required for searching existing data sources, gathering the necessary data, providing the information required, and reviewing the final collection. You do not have to provide this information requested if the OMB approval has expired. Send comments on the accuracy of this estimate of the burden and recommendations for reducing it to: A/GIS/DIR, Room 2400, SA-22, U.S. Department of State, Washington, DC 20522-2202.